

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. 0-5081
Re: Constable on salary basis work-
ing for railroad may draw his
salary as constable and related
matters.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"We have in McLennan County a situation sub-
stantially as follows: A constable who was duly
elected and properly qualified has accepted em-
ployment from a Railroad and in such employment
makes regular periodical runs on the Railroad as
a trainman. This constable's precinct represents
an area of limited population and the salary set
by the commissioners' court for his services as
constable is $100. per month.

"It is not unusual for precinct officers in
this county, representing small districts, to sup-
plement their official incomes with earnings de-
rived from non-governmental activities, and we
have had no complaint in regard to additional
private employment of these precinct officers so
long as they hold themselves available at all
times for whatever official duties might come up.

"I shall thank you to advise me what, in your
opinion, is the responsibility of a county auditor
in connection with the approval of a claim for the
payment of salary of a constable who absents him-
self from his precinct in the employ of a Railroad
as outlined above.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

4177

"The constable in question has applied to the commissioners' court for authority to name a deputy. Under ordinary conditions no deputy constable in this precinct is required and the reason for the request is obvious from the circumstances outlined above. In his application to the commissioners' court he made no mention of the salary to be paid the deputy and it is assumed that it would be his intention to pay the deputy out of his compensation. The commissioners' court has not yet acted on this application.

"As a guide to me, in the event a claim is filed for a salary of the constable while the constable is operating as explained above and performs his duties as constable through a deputy paid by the constable, I shall thank you to advise me whether or not the commissioners' court would have the authority to make an arrangement with a constable working under a salary paid by the county and his duties delegated to a deputy paid by the constable hired to do the work of the constable while the constable is out of the precinct engaged in other employment."

Section 17 of Article 3912 e, Vernon's Annotated Texas Civil Statutes, provides:

"(a) The term 'Precinct Officers' as used in this Act means justices of the peace and constables.

"In all counties in this State such precinct officers shall continue to be compensated for their services on a fee basis until the Commissioners' Court shall have determined otherwise in accordance with the provisions of Section 2 of this Act.

"In counties wherein the Commissioners' Court shall have determined that precinct officers shall be compensated on an annual salary basis, but wherein they have determined that county officers shall not be so compensated, the Officers' Salary Fund of said

Honorable Tom A. Craven, Page 3

county shall be composed and made up of fees, commissions and other compensation collected by the precinct officers of such county and deposited in said fund, and such funds as may be transferred to said fund by the Commissioners' Court of the county.

"(b)  In counties where it shall have been determined that precinct officers shall be compensated on an annual salary basis it shall be the duty of the Commissioners' Court of such county to fix the salary allowed to such officers.  Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation earned by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing August 24, 1935.

"In counties in which precinct officers are paid a salary as compensation for their services, such officers desiring to appoint one or more deputies or assistants shall make application to the Commissioners' Court for authority to appoint such deputy or deputies, in the manner and form prescribed for applications for deputy county officers by Article 3902, Revised Civil Statutes 1925, as amended within the provisions of this Act; the Commissioners' Court shall not authorize the appointment of any deputy constable at a salary exceeding Fifteen Hundred ($1500.00) Dollars per year.  The salaries of deputies authorized to be appointed under the provisions of this Section shall be paid out of the Officers' Salary Fund.

"In counties wherein the county officers named in this Act are compensated on the basis of an annual salary, the State of Texas shall not be charged with and shall not pay any fee or commission to any precinct officer for any services by him performed, but said officer shall be paid by the County out of the Officers' Salary Fund such fees and commissions as would otherwise be paid him by the State for such services."

Honorable Tom A. Craven, Page 4

Article 3902, Vernon's Annotated Texas Civil Statutes, provides in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

". . . ."

You are respectfully advised that under the facts stated by you it is the opinion of this department:

1. The constable is entitled to receive his salary and you should approve his salary warrants as long as he holds his office.

2. Under Article 3902, V. A. C. S., if the constable desires a deputy he is required to file with the commissioners'

court an application for authority to appoint as outlined by
the Article. The commissioners' court may, if it desires,
grant the authority and also set the salary of the deputy
within the statutory limit, to be paid out of the Officers'
Salary Fund of the county.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED MAR 16 1943

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:mp



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN